UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

SMITH-BERCH, INCORPORATED, t/a
White Marsh Institute,
                    *Plaintiff-Appellee,*

v.

BALTIMORE COUNTY, MARYLAND,
                    *Defendant-Appellant,*

and

C.A. DUTCH RUPPERSBERGER, III;
BALTIMORE COUNTY DEPARTMENT OF
PERMITS AND DEVELOPMENT
MANAGEMENT; ARNOLD M. JABLON,
Director of the Baltimore County
Department of Permits and
Development Management; OFFICE
OF THE ZONING COMMISSIONER OF
BALTIMORE COUNTY; TIMOTHY M.
KOTROCO, Deputy Zoning
Commissioner for Baltimore
County; COUNTY COUNCIL OF
BALTIMORE COUNTY; JOSEPH
BARTENFELDER, Chairman of the
County Council of Baltimore
County,
                    *Defendants.*

No. 02-2074

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-98-1821)

Argued: May 6, 2003

Decided: May 20, 2003

Before LUTTIG, MOTZ, and SHEDD, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** John Edward Beverungen, Deputy County Attorney, BALTIMORE COUNTY OFFICE OF LAW, Towson, Maryland, for Appellant. Ellen Marie Weber, UNIVERSITY OF MARYLAND SCHOOL OF LAW, Baltimore, Maryland, for Appellee. **ON BRIEF:** Edward J. Gilliss, County Attorney, BALTIMORE COUNTY OFFICE OF LAW, Towson, Maryland, for Appellant. Richard C. Boldt, UNIVERSITY OF MARYLAND SCHOOL OF LAW, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Baltimore County, Maryland (the "County") appeals from the entry of an injunction against it. The district court enjoined the County from enforcing those provisions of its recently enacted Bill No. 39-02 that apply to methadone treatment centers. *See Smith-Berch, Inc.* v. *Baltimore County, Maryland*, 216 F. Supp. 2d 537, 540 (D. Md. 2002) ("*Smith-Berch II*"). The district court enjoined Bill No. 39-02 on the grounds that it assertedly violated an injunction that the district court had entered years earlier. The order entered in that earlier opinion stated simply that:

    1.    Plaintiff Smith Berch, Inc.'s motion for summary judgment is **granted**;

2.  Defendants' motion for summary judgment is **denied**;

3.  The Clerks shall **close** this case; and

4.  Copies of this Order and the accompanying Memoran-
    dum shall be mailed to counsel of record.

*Smith Berch, Inc.* v. *Baltimore County, Maryland*, 115 F. Supp. 2d
520, 524-25 (D. Md. 2000) ("*Smith-Berch I*").

The County challenges the district court's subject matter jurisdic-
tion in *Smith-Berch II*, arguing that the district court had lost jurisdic-
tion after the entry of summary judgment in *Smith-Berch I* by closing
the case without issuing actual injunctive relief. The plaintiff, Smith-
Berch, Inc. ("Smith-Berch"), argues that the district court had actually
granted injunctive relief in its *Smith-Berch I* order because the plain-
tiff's motion for summary judgment, which the district court granted,
contained a request for injunctive relief.

Though the district court's *Smith-Berch I* order may have been
intended to grant the injunctive relief requested by Smith-Berch, it did
not do so as a matter of law. Federal Rule of Civil Procedure 65
states, in pertinent part, that

> Every order granting an injunction . . . shall set forth the rea-
> sons for its issuance; *shall be specific in terms*; *shall
> describe in reasonable detail, and not by reference to the
> complaint or other document, the act or acts sought to be
> restrained. . . .*

Fed. R. Civ. P. 65(d) (emphasis added). Thus, according to Rule
65(d), the district court was required to specifically state the terms of
its injunction and could not simply incorporate the plaintiff's pro-
posed injunction in its order. As the *Smith-Berch I* order does not
comply with Rule 65(d) — indeed, it does not even purport to grant
any injunctive relief — we cannot but conclude that the district court
did not issue an injunction in *Smith-Berch I*. As a result, the case was
closed and the district court's jurisdiction ended. The district court's
opinion and order in *Smith-Berch II* were therefore without jurisdic-

tional basis. We accordingly vacate the district court's order in *Smith-Berch II* and remand with instructions to dismiss. If Smith-Berch wishes to challenge Bill No. 39-02, it may do so in a new, separate proceeding.

*VACATED AND REMANDED*